Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

CLERK'S OFFICE U.S. DISTRICT COURT
AT HARRISONBURG, VA
FILED

APR 11 2025

LAURA A. AUSTIN, CLERK
BY: /s/
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

___Civil_____ Division

Soulsby II, Rodney L.

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Commonwealth of Virginia
Miyares, Jason (Virginia Attorney General
Ludwig, Victor and Vint, Ashlyn

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. 5:25-CV-00034
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)*  ☑ Yes  ☐ No

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Rodney L. Soulsby II |
| Street Address | 405 14th Ave |
| City and County | Vero Beach |
| State and Zip Code | FL 32962 |
| Telephone Number | 540-447-4297 |
| E-mail Address | RSoulsbyii@gmail.com |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

 Name Miyares, Jason, Atty. General for state of Virginia
 Job or Title (if known) Attorney General
 Street Address 202 North 9th St
 City and County Richmond
 State and Zip Code VA 23219
 Telephone Number 804-786-2071
 E-mail Address (if known)

Defendant No. 2

 Name Commonwealth of Virginia C/O Jason Miyares
 Job or Title (if known) state attorney general for Virginia
 Street Address 202 North 9th St
 City and County Richmond
 State and Zip Code VA 23219
 Telephone Number 804-786-2071
 E-mail Address (if known)

Defendant No. 3

 Name Ludwig, Victor
 Job or Title (if known) Retired
 Street Address 313 Greenway Rd.
 City and County Staunton
 State and Zip Code Va 24401
 Telephone Number 540-293-4155
 E-mail Address (if known)

Defendant No. 4

 Name Vint, Ashlyn
 Job or Title (if known) mother of child to this action
 Street Address 18 Forest Springs Dr.
 City and County Stuarts Draft
 State and Zip Code VA 24477
 Telephone Number 540-480-0249
 E-mail Address (if known)

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question    ☑ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
-Fifth Amendment of the U.S. Constitution
(Deprived of life, liberty and property/assetts without due process of law)

-Fourteenth Amendment of the U.S. Constitution
(All citizens are to be treated equal, and all have a right to due process of the law as it is written)

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual
   The plaintiff, *(name)* Soulsby II, Rodney L. , is a citizen of the State of *(name)* Florida .

   b. If the plaintiff is a corporation
   The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)* _____ .

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual
   The defendant, *(name)* Miyares, Jason for the Commonwealth of VA , is a citizen of the State of *(name)* Virginia . Or is a citizen of *(foreign nation)* _____ .

Page 3 of 5

    b.    If the defendant is a corporation

The defendant, *(name)* Commonwealth of Virginia, is incorporated under the laws of the State of *(name)* Virginia, and has its principal place of business in the State of *(name)* Virginia.

Or is incorporated under the laws of *(foreign nation)* _____,

and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:
$13,000,000.00

$Thirteen Million Dollars & zero cents

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See Attachment titled, "III. STATEMENT OF CLAIM"

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See Attachment titled, "IV. RELIEF"

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

See Attachment titled. "IV RELIEF"

**V.    Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.    For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    04-11-2025

Signature of Plaintiff
Printed Name of Plaintiff    Rodney Soulsby II

**B.    For Attorneys**

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

## IV. RELIEF (page 1 of 2)

As a result of this "adoption" Plaintiff Soulsby has had to pay monthly child support for "C.C." since June 2014 (Expected to end in May 2025 when they turn age 19), pay for monthly insurance, all unreimbursed medical, dental and vision expenses, and been ordered to pay for C.C.'s tuition to attend Fishburne Military Academy in Waynesboro, VA over the last four years.

In total, these payments have exceeded approx. $100,000.00 in actual costs.

Plaintiff had his credit report flagged for arrears support (that were set in the beginning of the case), resulting in a lowered credit score, which prevented Plaintiff from being able to obtain personal loans, business loans, hard money loans, credit cards, other 3rd party financing options, investments, and the like, which has prevented Petitioner from profiting well over $5,000,000.00 since June 2014, the majority being missed real estate investments in Florida.

As a result of such high support payments, Plaintiff was forced to sell his VA home, sell his late father's home, close the business he and his late father had started in Waynesboro, VA in 2005 and move from Augusta County, VA in June 2017 to seek better employment and stability in FL, all in an attempt to make such outlandish payments ordered by the court as a result of this adoption while trying keep a roof over his head and food on his table in his own home.

The health, stress, and financial strains placed on the Plaintiff by this erroneous adoption has most recently cost him his current marriage and thus caused Plaintiff to lose living full-time with his biological 8 year old son, caused Plaintiff to divide the marital home valued at approx. $340,000.00 plus additional costs (yet to be determined) for potential child and/or marital support payments, in addition to increased rental or mortgage payments.

Plaintiff hereby seeks $238,000.00 in actual damages that include but not limited to: child support paid, interest on child support arrears, insurance payments, paid medical expenses not covered by insurance, school tuition, and travel costs for court to include: lost wages, airfare, hotel stays, & meals. $5,000,000.00 in lost income revenue, and $7,762,000.00 in punitive damages

## IV. Relief (continued... page 2 of 2)

resulting directly from fraud by Ashlyn Vint in presenting the Petition for Adoption with the forged and fraudulent signature of, 'Rodney Soulsby' on the Petition for Adoption and herself before the court for entry, gross negligence and incompetence of Ex-Judge Victor Ludwig by improperly and erroneously entering the Adoption without properly following procedural requirements to do such, as an officer (judge) of the court and representative (employee) for the state of Virginia, and the state of Virginia (Jason Miyares as Attorney General for Virginia) for its laws related to adoption, specifically code section 63.2-1216 which violates the Plaintiff's Right to Due Process and permits any person to commit a criminal act against another person without any recourse of action available, whether it be collateral or direct, upon discovery of such act.

Plaintiff had no knowledge an adoption had even taken place until a hearing for temporary support by Augusta/Staunton Circuit Court was held in the Spring of 2015, which was after Ashlyn Vint had absconded from the then marital home with C.C. and a joint biological child "X" less than 11 months from the date in which the adoption order was entered, and immediately filed for divorce and Child support for "C.C." and other support matters.

### REFERENCE:

<u>Virginia Code</u> § 63.2-1216. *Final order not subject to attack after six months*.

After the expiration of six months from the date of entry of any final order of adoption from which no appeal has been taken to the Court of Appeals, the validity thereof shall not be subject to attack in any proceedings, collateral or direct, for any reason, including but not limited to fraud, duress, failure to give any required notice, failure of any procedural requirement, or lack of jurisdiction over any person, and such order shall be final for all purposes.

Code 1950, § 63-361; 1954, c. 489; 1968, c. 578, § 63.1-237; 1984, c. 703; 1995, cc. 772, 826; 2000, c. 830, § 63.1-219.23; 2002, c. 747.

### III. STATEMENT OF CLAIM (page 1 of 3)

On or about June 13, 2013 Ashlyn Vint (Also known as: Ashlyn Marrs, Ashlyn Coffey, Ashlyn Soulsby, and/or Ashlyn Roberts) presented to the Augusta County Circuit Court a Petition for Adoption (EXHIBIT 1, pages 1 and 2) of her minor son hereby named as, "C.C."

Upon submission of such petition to the court by Ashlyn Vint, it was reviewed by presiding judge Victor Ludwig who entered the adoption Order effective July 03, 2013 (EXHIBIT 2, pages 1 and 2).

Under Virginia Law VA Code Ann &63.2-1201 states in part (not word for word): - Each Petition for Adoption shall be signed by the Petitioner as well as counsel of record, if in any case in which the petition seeks the entry of an adoption order without referral for investigation by Social Services, such petition shall be signed under oath-.

On or about June 04, 2014 (only 11 months after the adoption was entered/finalized) Ashlyn Vint filed for divorce from Rodney Soulsby II (after only 23 months of marriage) and sought child support of her son "C.C."

It was not until a Temporary Support Hearing was heard by retired judge Charles Rickets III in Staunton Circuit Court in March 2015 that Plaintiff Rodney Soulsby II ever became aware of such ADOPTION even taking place and thus being forced to pay child support and other obligations for the minor child "C.C.".

Upon becoming aware of such action and obtaining a copy of the adoption through the Augusta County 25th Judicial Circuit Court, Plaintiff filed a Criminal Complaint with the Virginia State Police almost immediately after that Temporary Support Hearing, citing FORGERY and FRAUD by Ashlyn Vint as Plaintiff Soulsby stands firm he did NOT sign the Petition for Adoption and his single signature is a forgery. Upon filing of that complaint, the Virginia State Police submitted the document and known handwriting samples of both Vint and Soulsby to the Virginia State Police Crime Lab for analysis.

### III. STATEMENT OF CLAIM (continued... page 2 of 3)

In a letter dated -01-20-2016- the Virginia State Police Crime Lab (Exhibit 3) states it could NOT determine the author of the signature on the Petition for Adoption. Subsequent to that, the Virginia State Police and Trooper Clifton stopped its investigations citing a, "he said/she said civil matter" moving forward.

On January 26, 2016 Augusta County Circuit Court Ex-Judge Victor Ludwig issued a Letter of Opinion (Exhibit 4, pages 1, 15 and 16) as it refers to permanent child support, and other obligations of the minor child, "C.C." and another biological child "X".

In Ex-Judge Ludwig's letter he writes:

"I note at the outset that Ashlyn has a child by a previous marriage, "C.C." "C", as to whom there was a final order of adoption by Rodney entered on July 03, 2013. Rodney has now questioned the validity of the proceeding. asserting that he did not sign the petition, so he is not seeking either custody of or visitation with "C. C.". It is with some angst (but without shifting responsibility for the oversight) that the Court recognizes that the adoption was processed without full compliance with the statutory requirements. Va. Code Ago. § 63.2-1201 provides, in part: "Each petition for adoption shall be signed by the petitioner as well as by counsel of record, if any. In any case in which the petition seeks the entry of an adoption order without referral for investigation, the petition shall be under oath." The petition made no reference to a referral for investigation, and the Court did not order a referral, despite the fact that the petition was not under oath".

Additionally, Ex-Judge Victor Ludwig wrote a letter to the Office of the Attorney General, Section Chief Rita P. Davis, dated 06-09-2017 (exhibit 5) admitting his poor judgement and oversight in improperly entering the adoption without following the states statutory guidelines, he writes in part, "The complaint arises from an order of adoption which I quite clearly erroneously entered in July 2013. Given the relief that was requested in the adoption proceeding, the

## III. STATEMENT OF CLAIM (continued... page 3 of 3)

applicable statute required that the petition be under oath. It was not, but, failing to notice that, I permitted the adoption to go forward."

On May 30, 2018 after a hearing to challenge the adoption and its entry, judge designate Catherine Hammond issued a letter of opinion citing the VA Code Section $63.2-1216 reads, "After the expiration of six months from the date of entry of any final order of adoption from which no appeal has been taken to the Court of Appeals, the validity thereof shall not be subject to attack in any proceedings, collateral or direct, for any reason, including but not limited to fraud, duress, failure to give any required notice, failure of any procedural requirement, or lack of jurisdiction over any person, and such order shall be final for all purposes". Judge Hammond refused to set aside or otherwise vacate the adoption as it was entered, based on the same code section.

The Virginia Code Section (aka "The Law") 63.2-1216 as it is written, procedurally allows any one person to forge (meaning- to commit a criminal act against another) any other person's name on a Petition for Adoption anywhere in the Commonwealth State of Virginia, and so long as the court enters that adoption and the supposed consenting person does not know about such proceding to contest it within 6 months from the date of entry, then the adoption stands indefinite, for all purposes. This law/code section federally violates the Right to Due Process of any legal citizen of the United States, and more specifically, any legal resident of Virginia.

Petitioner hereby seeks all listed damages in this matter in the amount of $13,000,000.00, but also seeks the Federal Court to rule the adoption of the child "C.C." be vacated by the Commonwealth State of Virginia.

I ask for this as Petitioner, Pro Se,

_____                                        04-11-2025
Rodney Soulsby II (resident of the state of Florida)         Date